# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE EDWARD JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. WILSON, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-01933-LJO-BAM-PC<br><br>FINDING AND RECOMMENDATION THAT THIS ACTION BE DISMISSED AS DUPLICATIVE<br><br>OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff Vance Johnson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Currently before the Court is Plaintiff's complaint filed on December 30, 2015.

On December 24, 2015, Plaintiff filed a civil rights action. That action has been assigned case number 1:15-cv-01915-LJO-SAB-PC. An order has been entered in that case, finding that the complaint states a claim for relief against Defendant Wilson. Plaintiff has notified the court that he intends to proceed against Defendant Wilson and agrees to the dismissal of the remaining defendants.

A review of this action reveals that the complaint is identical to case number 1:15-cv-01915-LJO-SAB-PC. Both actions name as Defendants M. Wilson, C. Nevarez, and M. Perez. Both actions alleged that on August 24, 2015, Defendant Wilson retaliated against Plaintiff for

1

filing an inmate appeal by writing a rules violation report charging Plaintiff with falsification of records or documentation. Both actions allege that on August 26, 2015, Defendant Wilson further retaliated against Plaintiff by taking all the rest of his appliances. Both actions allege that Defendant Nevarez did not allow Plaintiff to present any witnesses at his rule violation hearing.

**I.     Analysis**

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." Adams, 487 F.3d at 688 (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3rd Cir. 1977) (en banc)).

In assessing whether a second action is duplicative of the first, the court examines whether the causes of action and relief sought, as well as the parties or privies to the action, are the same. Adams, 487 F.3d at 689. First, the court must examine whether the causes of action in the two suits are identical pursuant to the transaction test, developed in the context of claim preclusion. Id. Second, the court determines whether the defendants are the same or in privity. Privity includes an array of relationships which fit under the title of "virtual representation." Kourtis v. Cameron, 419 F.3d 989, 996 (9th Cir. 2005). "The necessary elements of virtual representation are an identity of interests and adequate representation." Adams, 487 F.3d at 691 (citing Kourtis, 419 F.3d at 996). "Additional features of a virtual representation relationship include a close relationship, substantial participation, and tactically maneuvering." Adams, 487 F.3d at 691 (quoting Kourtis, 419 F.3d at 996).

A plaintiff is required to bring at one time all of the claims against a party or privies relating to the same transaction or event. Adams, 487 F.3d at 693. The court has discretion to dismiss a duplicative complaint with prejudice to prevent a plaintiff from "fragmenting a single cause of action and litigating piecemeal the issues which could have been resolved in one action." Adams, 487 F.3d at 694 (quoting Flynn v. State Bd. of Chiropractic Exam'rs, 418 F.2d

668 (9th Cir. 1969) (per curiam)).

## II.   Conclusion and Recommendation

The named defendants, the causes of action, and allegations of fact in this case are identical to those in the earlier case.  The Court finds that this action is duplicative of case number 1:15-cv-01915-LJO-SAB-PC.  Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed as duplicative.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of Title 28 U.S.C. §636 (b)(1)(B).  Within **fourteen (14) days** after being served with these Finding and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014)(citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 23, 2016**            /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE